999 F.2d 539
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lorenzo BENDINGFIELD, Plaintiff-Appellant,
v.
Michael J. O'DEA, Warden, Eastern Kentucky Correctional
Complex; and Chris Gorman, Attorney General of
the Commonwealth of Kentucky,
Defendants-Appellees.
 No. 92-5608.
 United States Court of Appeals, Sixth Circuit.
 July 23, 1993.
 
 Before MILBURN and BOGGS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Lorenzo Bendingfield appeals the district court's denial of his second habeas petition, raising two claims, as an abuse of the writ. Bendingfield originally included these two claims in an earlier habeas petition. The district court granted the previous habeas petition on another ground and elected not to address these two claims. The Commonwealth successfully appealed to this court, and Bendingfield did not cross-appeal the two claims that the district court did not consider. The district court dismissed the second habeas petition on the ground that Bendingfield deliberately abandoned the claims when he neglected to raise them on cross-appeal in the earlier proceeding. We reverse.
 
 
 2
 * In 1986, a state court jury found Bendingfield guilty of robbery in the first degree and of being a persistent felony offender in the first degree. Bendingfield was sentenced to twenty years in prison. The Commonwealth does not dispute that Bendingfield subsequently exhausted his remedies in state court.
 
 
 3
 In 1988, Bendingfield, proceeding pro se, filed his first application for habeas corpus relief in federal district court, raising five claims. On March 20, 1989, the district court granted the habeas petition and directed that Bendingfield be released from custody unless the Commonwealth instituted proceedings within sixty days to grant him a new trial. Bendingfield v. Parke, No. C 88-0714-L(A) (W.D.Ky. March 20, 1989).
 
 
 4
 The district court considered only three of Bendingfield's five claims. The court found that Bendingfield's rights under the confrontation clause had been violated because a key witness, his alleged accomplice in the robbery, was not available for full and effective cross-examination. The district court considered and expressly rejected Bendingfield's contentions 1) that the trial court improperly overruled objections to a statement in the prosecuting attorney's opening statement and 2) that there was a conflict of interest because the attorney appointed to represent his alleged accomplice in the robbery was from the same public defender's office as Bendingfield's attorney.
 
 
 5
 The district court mentioned the remaining two issues only in passing, stating simply:
 
 
 6
 In view of our determination concerning the effect of denial of confrontation, it is unnecessary to rule on petitioner's other complaints. These concern amendment of indictment without notice, and the admission, without trial court objection, of testimony by a probation officer.
 
 
 7
 Bendingfield v. Parke, slip op. at 16.
 
 
 8
 The Commonwealth appealed the grant of habeas corpus relief to this court. On April 12, 1990, this court reversed the district court's decision, holding that Bendingfield was not deprived of meaningful cross-examination of the witness. Bendingfield v. Parke, 899 F.2d 1221 (6th Cir.1990) (per curiam). Bendingfield did not cross-appeal, or raise in any manner, the two arguments rejected or the two arguments not considered by the district court. This court did not consider these issues nor remand the case for any further action. Bendingfield's petition for certiorari was denied by the Supreme Court on October 1, 1990. Bendingfield v. Parke, 498 U.S. 838 (1990).
 
 
 9
 On January 29, 1992, Bendingfield, proceeding pro se, filed his second habeas petition, raising the two claims that the district court and the appellate court neglected to consider in the earlier proceedings. First, Bendingfield contends that he was denied the right to a fair trial because, he alleges, the trial court allowed the prosecuting attorney to amend the indictment twice during the trial, without providing adequate notice to Bendingfield or his counsel. Second, Bendingfield contends that the prosecuting attorney introduced irrelevant and prejudicial testimony from his parole officer during the persistent felony offender phase of the trial.[1] The district court dismissed the petition as an abuse of the writ on April 6, 1992, concluding that Bendingfield deliberately abandoned these two claims when he failed to cross-appeal the district court's decision not to consider these issues when they were presented as part of his first habeas petition.
 
 II
 
 10
 Rule 9(b) of the Rules Governing Section 2255 Proceedings in the United States Courts authorizes a district court to dismiss a successive habeas petition "if the judge finds that the failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedures governed by these rules." However, Rule 9(b) provides no guidance on what constitutes "abuse."
 
 
 11
 In McCleskey v. Zant, 111 S.Ct. 1454 (1991), the Supreme Court explained the standard for abuse to be applied by the district courts. After a lengthy interpretation of the historical development of the writ of habeas corpus, id. at 1461-67, the Court concluded that a successive habeas petition constitutes an abuse of the writ if it includes claims raised but deliberately abandoned in an earlier petition, see, e.g., Sanders v. United States, 373 U.S. 1, 18 (1963), or if it includes claims not raised in an earlier petition due to inexcusable neglect. McCleskey, 111 S.Ct. at 1467.
 
 
 12
 The McCleskey Court focused on inexcusable neglect, concluding that the issue should be analyzed under the "cause and prejudice" standard used for determining whether to excuse a petitioner's state procedural defaults, as set forth in Wainwright v. Sykes, 433 U.S. 72 (1977). Under this standard, the government bears the initial burden of pleading an abuse of the writ. The government meets this burden "if, with clarity and particularity, it notes petitioner's prior writ history, identifies the claims that appear for the first time, and alleges that petitioner has abused the writ." Id. at 1470. The burden then shifts to the petitioner to prove cause for his failure to raise the claims in the earlier petition and prejudice from the alleged errors. Ibid.
 
 
 13
 To prove cause, the petitioner must show " 'some external impediment preventing counsel from constructing or raising a claim.' " Id. at 1472 (emphasis in original) (quoting Murray v. Carrier, 477 U.S. 478, 492 (1986)). The Court stressed that the "[a]buse of the writ doctrine examines petitioner's conduct: the question is whether petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege a claim in the first petition and pursue the matter through the habeas process." McCleskey, 111 S.Ct. at 1472 (emphasis in original).
 
 
 14
 To prove prejudice, the petitioner "must show 'actual prejudice resulting from the errors of which he complains.' " McCleskey, 111 S.Ct. at 1470 (quoting United States v. Frady, 456 U.S. 152, 168 (1982)). An evidentiary hearing is not required if the district court determines as a matter of law that the petitioner cannot show cause and prejudice. McCleskey, 111 S.Ct. at 1470.
 
 
 15
 The Court recognized a narrow exception for petitioners who cannot show cause and prejudice, but whose cases must still be heard to avoid "a fundamental miscarriage of justice." Ibid. The court described these cases as "extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime." Ibid.
 
 III
 
 16
 If Bendingfield had raised in this second habeas petition the two issues that were rejected by the district court in his first habeas petition, those claims would clearly constitute a successive petition. In such a case, Bendingfield would be raising claims that had previously been rejected on the merits in an earlier district court decision, and on which he had chosen not to cross-appeal. See Sanders, 373 U.S. at 15-16. If Bendingfield had raised new claims in his second petition, he would be required to prove that an external impediment caused him not to raise these claims in the first petition and to show prejudice from the alleged error.
 
 
 17
 Our situation is different, however. Bendingfield has raised two claims that were raised previously, but which have never been rejected or even considered. The question is whether Bendingfield's failure to raise, on cross-appeal or otherwise, these claims in response to the Commonwealth's appeal of the earlier decision constituted deliberate abandonment or inexcusable neglect.
 
 
 18
 First, it must be noted that Bendingfield could have raised these arguments before the appellate court without filing a cross-appeal because he would have only been raising alternative grounds for the district court's judgment, and not requesting a modification of the judgment. See, e.g., Massachusetts Mutual Life Insurance Co. v. Ludwig, 426 U.S. 479 (1976); Ball v. Abbott Advertising, Inc., 864 F.2d 419, 421 (6th Cir.1988); Freeman v. B & B Associates, 790 F.2d 145, 151 (D.C.Cir.1986). In fact, the Seventh Circuit has admonished appellees not to cross-appeal if they are only raising alternative theories supporting the judgment entered. See, e.g., Rose Acre Farms, Inc. v. Madigan, 956 F.2d 670, 672 (7th Cir.), cert. denied, 113 S.Ct. 68 (1992); Byron v. Clay, 867 F.2d 1049, 1051 (7th Cir.1989).
 
 
 19
 Therefore, the precise issue is whether Bendingfield's failure to raise these claims as alternative grounds for the district court's judgment constituted deliberate abandonment or inexcusable neglect. If Bendingfield had raised these claims, this court would most likely not have addressed them. It is well established that an appellate court will not consider issues that were not considered by the lower court. See, e.g., Singleton v. Wulff, 428 U.S. 106, 120 (1976); In re Fred Hawes Organization, Inc., 957 F.2d 239, 247 (6th Cir.1992); Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-44 (6th Cir.1991). In the previous litigation, the district court did not rule on, consider, or even summarize these two claims. Therefore, as a matter of strategy, the choice to not assert these claims on appeal was not negligent or irresponsible.
 
 
 20
 Also, there was no need to assert the unconsidered claims in order to preserve them for future proceedings. Courts have ruled that an appellee's failure to raise a claim on cross-appeal does not constitute a waiver of that claim in future proceedings. For example, in Landsberg v. Scrabble Crossword Game Players, Inc., 802 F.2d 1193 (9th Cir.1986), the plaintiff sued the defendant for copyright infringement and breach of contract. The district court decided for the plaintiff on the ground of copyright infringement, and the defendant appealed. The plaintiff chose not to raise its alternative theory of breach of contract before the appellate court. The Ninth Circuit reversed. On remand, the district court again decided for the plaintiff, this time on the contract claim. Id. at 1196. On the second appeal, the defendant argued that the plaintiff had waived the contract claim because he had not argued it on cross-appeal during the first appeal. The Ninth Circuit rejected this argument, stating that since the plaintiff had prevailed on the copyright claim "he could hardly have been expected to assert his alternative contract theory on appeal." Id. at 1197.
 
 
 21
 In Conway v. Chemical Leaman Tank Lines, Inc., 644 F.2d 1059 (5th Cir.1981), the plaintiffs brought a wrongful death action. Following the reversal of a judgment for the defendant, a second trial was held in which the jury decided again for the defendant. The plaintiffs' motion for a new trial was granted on one of two grounds asserted. The third trial resulted in a verdict for the plaintiffs. The appellate court reversed, ruling that the district court had erroneously granted the new trial. On remand, the district court entered judgment for the defendant based on the jury verdict in the second trial. The plaintiffs then moved again for a new trial, this time asserting the ground that the district court had passed over in the previous grant of a new trial. The district court granted the motion. On interlocutory appeal, the defendant argued that the plaintiffs "abandoned" this ground when they failed to raise it on cross-appeal during the appeal of the first grant of a new trial. The Fifth Circuit rejected the defendant's argument, stating: "Aside from the lack of authority cited to require compulsory cross-appeal under these circumstances, a cross-appeal by the plaintiffs would have raised an issue not decided by the district court that, in all likelihood, would not have been considered by the appellate court, at least without further remand to the trial court for initial decision." Id. at 1062.
 
 
 22
 It follows from these decisions that Bendingfield did not waive or deliberately abandon these two claims simply because he chose not to raise them as alternative theories on appeal in the prior proceeding. Had the Sixth Circuit remanded the case for further proceedings, Bendingfield could have raised the claims before the district court. However, the Sixth Circuit reversed without remand, in an opinion that did not even mention these claims. By raising these claims in a second habeas petition, Bendingfield has made a deliberate choice not to abandon these claims.
 
 
 23
 The standard for inexcusable neglect is not applicable to this case. Bendingfield attempted to present these claims in his first habeas petition. It was the district court that neglected to consider these claims and the appellate court that overlooked the unresolved issues and neglected to remand the petition for further proceedings. It would be unfair to require Bendingfield to show cause and prejudice because the district and appellate court failed to address these claims the first time around.
 
 IV
 
 24
 For the foregoing reasons, we REVERSE the district court's order and REMAND for consideration of Bendingfield's two claims.
 
 
 
 [1]
 The district court interpreted Bendingfield's petition as also raising a third claim concerning the use of predicate offenses during the persistent felony offender phase of the trial. However, Bendingfield explains in his brief that "if in fact the District Court did discern such a claim upon its review[,] Appellant submits that the advancement of such claim was inadvertent and unintentional" and that "Appellant only seeks review of the two claims passed over in the first Petition." Appellant's Brief, at 4