**INTEROCEAN SHIPS, INC., a Delaware corporation, Plaintiff**

**v.**

**SAMOA GASES, a corporation, Defendant**

High Court of American Samoa
Trial Division

CA No. 123-85

October 25, 1999

Before RICHMOND, Associate Justice, and LOGOAI, Associate Judge.

Counsel: For Plaintiff, William H. Reardon
 For Defendant, Roy J.D. Hall, Jr.

## ORDER REINSTATING JUDGMENT AND DENYING PLAINTIFF'S REQUEST FOR ADDITIONAL POST-JUDGMENT INTEREST

The present issue of additional post-judgment interest is the latest in a long line of skirmishes in the battle of this protracted litigation that arose out of an explosion in 1983 on board the *M/V Ocean Pearl,* a vessel owned by plaintiff Interocean Ships, Inc. ("Interocean").

The post-judgment interest saga began when this court rendered a judgment for Interocean on May 2, 1994, specifying post-judgment interest at a rate of 6% per annum. 26 A.S.R.2d 28, 44 (Trial Div. 1994). On June 21, 1995, defendant Samoa Gases, Inc. ("Samoa Gases") paid $51,963.69, the principal amount of this judgment, plus post-judgment interest to that date, to Interocean by two cashier's checks deposited with the court. On March 7, 1996, however, we vacated the judgment. We also directed Interocean to return Samoa Gases' payment checks or refund an equivalent amount to Samoa Gases. Interocean appealed our decision to vacate the judgment and later returned the cashier's checks to Samoa Gases. The appellate division reversed the order vacating the judgment and remanded the case to this court for further proceedings. AP No. 12-96, *slip op.* (App. Div. June 28, 1999).

On July 9, 1999, even though this court had not yet acted on the remand, Interocean garnished Samoa Gases' assets at the Amerika Samoa Bank and Bank of Hawaii. Samoa Gases reacted by mailing a company check in the sum of $51,963.69, the same amount it tendered previously to Interocean on July 21, 1999. Then, on July 23, 1999, Samoa Gases moved to quash the garnishments on the grounds that the judgment, including interest, was again fully paid. As a result of an expedited hearing on July 28, 1999, at which Interocean opposed the motion and raised the present post-judgment issue, we quashed the garnishments on the condition that Samoa Gases immediately deposit $51,963.60 in the court registry and scheduled a hearing on the additional post-judgment issue on August 27, 1999. Samoa Gases complied with this order on August 3, 1999.

One reason for this order was the practical problem with Samoa Gases' payments on June 21, 1995, and July 21, 1999. The checks were payable to Interocean Ships, Inc., which had dissolved through a merger and was succeeded by Interocean Industries, Inc. before the judgment for damages in this litigation. The two corporations involved different

principal individuals. The legal effect of this merger became a major factor in our order vacating the judgment, which the appellate division reversed. Hence, this time we ordered Samoa Gases to deposit the $51,963.69 in the court registry to avoid further repetition of this payment problem.

Interocean argues that the post-judgment interest should be calculated continuously from May 2, 1994, the date of the original judgment. Samoa Gases counters, first, that no additional post-judgment interest can accrue until this court reinstates the vacated judgment, and alternatively, if additional post-judgment interest is properly assessed before formal reinstatement of the vacated judgment, the interest should be calculated only from June 28, 1999, the date that the appellate division reversed the order to vacate the judgment.

## Discussion

■ The purpose of post-judgment interest is to compensate a judgment creditor from being deprived of the monetary value of the judgment for the time between the entry of the judgment for damages and the judgment debtor's full payment of the judgment amount. *See Kaiser Aluminum & Chemical Corp. v. Bonjorno,* 702 F.2d 752 (9th Cir. 1983). To serve this purpose in this case, post-judgment interest accrued after the judgment of May 2, 1994 and was paid by Samoa Gases when it tendered full payment by its checks to Interocean on June 21, 1995. Samoa Gases has now deposited this same amount into the court registry, again satisfying its duty to pay post-judgment interest that accumulated from May 2, 1994 to June 21, 1995.

■ During the time between when Samoa Gases tendered the checks to Interocean, on June 21, 1995, and when we vacated the judgment, on March 7, 1996, post-judgment interest did not accrue, because payment of a judgment stops post-judgment interest from accruing. *See Murphy v. T. Rowe Price Prime Reserve Fund, Inc.,* 8 F.3d 1420 (9th Cir. 1993).

■ As for the time period from our order vacating the judgment to the appellate division's reversal of that order, on June 28, 1999, it is well accepted that when a judgment creditor appeals a decision of this nature, post-judgment interest does not accrue. Jay M. Zitter, J.D., *Annotation, Running of Interest on Judgment Where Both Parties Appeal,* 11 A.L.R.4th 1099, 1102 (1982). This general rule precludes the accrual of post-judgment interest during the time running from the order vacating judgment to the decision on appeal in this action.

■ The appellate division reversed the order vacating judgment and remanded this case to this court on June 28, 1999. Samoa Gases mailed a check in the sum of $51,963.69, the total amount of the judgment and

post-judgment interest to June 21, 1995, to Interocean on July 21, 1999 and later, pursuant to our order of July 29, 1999, deposited the same amount into the court registry on August 3, 1999. This leaves time periods of either 23 or 35 days from the appellate division's annulment of the order vacating the judgment until Samoa Gases again paid the amount previously paid in full. However, the case was remanded to the trial division for further proceedings, and we had not reinstated the original judgment as of the time of either of Samoa Gases renewed payments. Many jurisdictions agree that

> [w]hen a judgment has been set aside, neither that judgment nor any other former judgment in the case ever again becomes the judgment of the court unless the trial court expressly reinstates it and, in effect, renders a new judgment on the later date.

47 AM.JUR.2D *Judgments* § 867 (1995). *See also DeLong Equipment Co. v. Washington Electro Minerals Corp.*, 997 F.2d 1340 (11th Cir. 1993); *Landsberg v. Scrabble Crossword Game Players, Inc.*, 802 F.2d 1193 (9th Cir. 1986); *Ashland Oil, Inc. v. Phillips Petroleum Company*, 607 F.2d 335 (10th Cir. 1979); *Hysell v. Iowa Pacific Service*, 559 F.2d 468 (8th Cir. 1977); *Stockton Theatres, Inc. v. Palermo*, 360 P.2d 76, 78 (Cal. 1961); *Cano v. Smith's Food King*, 781 P.2d 322, 325 (N.M. Ct. App. 1989); *Bailey-Allen Company, Inc. v. Kurzet*, 876 P. 2d 421 (Utah Ct. App. 1994). Strictly, without a new judgment at the trial level, Samoa Gases does not yet owe Interocean anything.

Common sense and equity also argue that Samoa Gases should not be liable for additional post-judgment interest between the time it tendered payment on June 21, 1995 and any subsequent judgment on remand. During this time period, Samoa Gases owed Interocean nothing, and to order post-interest to accrue on a nullity is absurd. In addition, the purpose of post-judgment interest is to compensate a judgment creditor for waiting on payment of a judgment. During all times subsequent to Samoa Gases tendering its first checks, Interocean was not waiting on payment because none was owed. Imposing post-judgment interest on Samoa Gases when nothing is owed constitutes more of a penalty against Samoa Gases than compensation for Interocean.

The cases cited by Interocean do not require additional post-judgment interest in this case. First, in *Northrop Corporation v. Triad International Marketing*, 842 F.2d 1154, 1156 (9th Cir. 1988), the court stated the general rule that "when an appellate court reverses judgment for one party and directs entry of a money judgment for the other, post-judgment interest runs from the date of the entry of the second judgment on remand." It decided to create an exception to this rule, but only because failure to allow post-judgment interest from the entry of the

original arbitration award would have penalized parties for choosing arbitration and been contrary to the policy of favoring arbitration.

The exception made in *Northrop* for arbitration awards parallels the equitable exception made in *James Turner v. Japan Lines Limited,* 702 F,2d 752, 756-757 (9th Cir. 1983) for judgments notwithstanding a jury's verdict. In *Turner,* where the jury returned a verdict in the plaintiff's favor and the trial court granted a judgment notwithstanding the verdict, and that order was reversed on appeal with instructions to reinstate the verdict, the court reasonably held that post-judgment interest should accrue from the date of the original verdict.

However, in our view, the equities in cases involving arbitration awards and judgments notwithstanding a jury's verdict are not comparable to the circumstances in the present dispute. We agree with and will apply the general rule of awarding post-judgment interest only after the second judgment on remand is entered in this case.

## Conclusion and Order

For the foregoing reasons, we conclude that post-judgment interest has not accrued on the original judgment in this case, beyond that already included in the amount presently tendered by Samoa Gases into the court registry. The judgment of May 2, 1994 is reinstated. However, Interocean's request for additional post-judgment interest is denied.

The clerk of the court shall disburse the deposited amount of $51,963.69 to Interocean Industries, Inc., as the successor corporation to Interocean Ships, Inc.

It is so ordered.