**Howard OFFLEY; et al., Plaintiffs— Appellants,**

v.

**ACTIVISION, INC.; et al., Defendants—Appellees.**

No. 06–56238.

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2008.*

Filed April 9, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Michael S. Traylor, Esq., Michael S. Traylor Law Offices, Los Angeles, CA, for Plaintiffs–Appellants.

Laura A. Seigle, Esq., Irell & Manella, LLP, Los Angeles, CA, for Defendants–Appellees.

Before: BEEZER, T.G. NELSON, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Plaintiffs appeal the district court's summary judgment in favor of defendants Activision, Riley and Vybe Squad, LLC. Plaintiffs alleged that defendants violated the Copyright Act of 1976 and California Civil Code § 3344 by using plaintiffs' music, likenesses, and names in the video game "True Crime: Streets of L.A." We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo, *Weber v. Dep't of Veterans Affairs*, 512 F.3d 1178, 1181 (9th Cir.2008), and affirm.

■ Plaintiffs' 11–page opening brief contains no citation to the excerpts of record, no standards of review, no statement of the issues presented for review, no summary of the argument, an inadequate jurisdictional statement and challenges only one of the three alternative summary judgment grounds presented to the district court for the copyright claims. *See* Fed. R.App. P. 28(a); Circuit Rule 28–2. Even though the defendants requested dismissal of the appeal in their response brief, plaintiffs did not file a reply brief or attempt to cite to the record. These defects are

grounds to strike the brief and summarily affirm. *Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir.2007); *Han v. Stanford Univ.*, 210 F.3d 1038, 1040 (9th Cir.2000). Plaintiffs' failure to cite to the record alone violates Fed. R.App. P. 28(a)(9)(A) and Circuit Rule 28–2.8 and justifies dismissal of the appeal. *Han*, 210 F.3d at 1040.

These are not just technical defects. Having failed to cite to the record, plaintiffs have not pointed to any factual dispute that requires trial and precludes summary judgment. Fed.R.Civ.P. 56; *S.A. Empresa De Viacao Aerea Rio Grandense (Varig Airlines) v. Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir.1982).

As for the law, defendants' motion for summary judgment was based on three grounds—implied license, express license and equitable estoppel. The district court did not give its reasons for granting the motion, but it was not required to. *Underwager v. Channel 9 Austl.*, 69 F.3d 361, 366 n. 4 (9th Cir.1995). Plaintiffs' brief challenges only one of the three grounds urged by the defendants—implied license. Any arguments plaintiffs might have been able to make regarding the other grounds are thus waived. *Cerezo v. Mukasey*, 512 F.3d 1163, 1165 n. 5 (9th Cir.2008).

■ Plaintiffs argue that a license may not be implied absent express contract terms and/or a written agreement. Plaintiffs misunderstand the nature of an implied license. The *existence* of a nonexclusive license may be implied from the manner in which the parties conducted their relationship if a licensee "created a work at [the licensor's] request and handed it over, intending that the [licensor]

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

copy and distribute it." *Effects Assocs., Inc., v. Cohen,* 908 F.2d 555, 558–59 (9th Cir.1990). The *terms* of an implied license are, by definition, implicit. *See Landsberg v. Scrabble Crossword Game Players, Inc.,* 802 F.2d 1193, 1196 (9th Cir.1986) (implied contract includes promise to pay reasonable fee for use of protected material).

 Finally, the claims raised on appeal asserting violations of Cal. Civ.Code § 3344 are preempted by federal copyright law. *See Laws v. Sony Music Entm't, Inc.,* 448 F.3d 1134, 1145 (9th Cir.2006), *cert. denied,* —— U.S. ——, 127 S.Ct. 1371, 167 L.Ed.2d 159 (2007).

AFFIRMED.