# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JEFF GROSSO,

    *Plaintiff-Appellant,*

v.

MIRAMAX FILM CORP., a New York
Corporation; MIRAMAX BOOKS;
SPANKY PICTURES, a New York
Corporation; DAVID LEVIEN, an
individual; BRIAN KOPPELMAN, an
individual; TED DEMME, an
individual; JOEL STILLERMAN, an
individual,

    *Defendants-Appellees.*

No. 01-57255

D.C. No.
CV-99-10939-ABC

ORDER
AMENDING
OPINION AND
DENYING
REHEARING AND
AMENDED
OPINION

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Argued and Submitted
April 7, 2003—Pasadena, California

Filed September 8, 2004
Amended March 15, 2005

Before: Mary M. Schroeder, Chief Judge,
David R. Thompson, and Susan P. Graber, Circuit Judges.

Opinion by Chief Judge Schroeder

**COUNSEL**

John A. Marder, Steven J. Renick, and Sylvia Havens, Manning & Marder, Kass, Ellrod, Ramirez, Los Angeles, California, for the plaintiff-appellant.

Richard L. Charnley, Nelson, Thompson, Pegue & Thornton, Santa Monica, California, for the defendants-appellees.

# ORDER

The opinion is amended to add a new penultimate paragraph as follows:

> We express no opinion on the question whether the facts adduced during the summary judgment proceedings on Grosso's *copyright* claim can support the *Desny* claim set forth in Grosso's complaint. Our decision is compelled by the procedural posture of the *Desny* claim. Because the district court granted Miramax' motion to dismiss under Rule 12(b)(6), our inquiry begins and ends with Grosso's First Amended Complaint. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (stating that "[t]he focus of any Rule 12(b)(6) dismissal — both in the trial court and on appeal — is the complaint"). Further, we must take all factual allegations as true and must construe them in the light most favorable to the non-moving party. *Allied Signal, Inc. v. City of Phoenix*, 182 F.3d 692, 695 (9th Cir. 1999). With those limitations on our review in mind, we hold only that the First Amended Complaint states a *Desny* claim. We need not and do not decide whether the summary judgment record or any future record, yet to be developed, supports that claim.

The panel has voted to deny the petition for panel rehearing and petition for rehearing en banc.

The full court was advised of the petition for rehearing en banc, and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P.

The petition for panel rehearing and the petition for rehearing en banc are DENIED.

No future petitions for panel or en banc rehearing will be entertained.

## OPINION

SCHROEDER, Chief Judge:

Jeff Grosso appeals the district court's judgment in favor of the defendants, Miramax Film Corp. and others ("Miramax"), in his action alleging breach of contract under California law and violation of his copyright in his screenplay *The Shell Game*. Grosso claims that Miramax stole the ideas and themes of his work when they made the movie *Rounders*. In this appeal we consider two separate district court orders: one granting summary judgment on Grosso's copyright claim and one dismissing his state law claim as preempted by the Copyright Act. We affirm the district court's grant of summary judgment in favor of Miramax on the copyright claim, but we reverse its dismissal of the state law claim.

[1] Summary judgment on Grosso's copyright claim was proper. As the district court carefully and correctly explained, the two works are not substantially similar. The works do not have substantially similar genre, mood, and pace; their themes, settings, and characters are different; their plots and sequences of events are not parallel. Both works have poker settings but the only similarities in dialogue between the two works come from the use of common, unprotectable poker jargon.

Grosso's state law claim is for breach of implied contract. It seeks compensation not for the actual written script, but for the idea allegedly embodied in the script and shared with Miramax. *See Desny v. Wilder*, 299 P.2d at 257 (Cal. 1956). We conclude that the district court erred in holding the claim preempted by the Copyright Act and in granting Miramax's

motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

**[2]** In *Desny*, 299 P.2d at 257, the California Supreme Court explained that where an idea is furnished by one party to another, a contract sometimes may be implied even in the absence of an express promise to pay. The Court held that a contract exists where "the circumstances preceding and attending disclosure, together with the conduct of the offeree acting with knowledge of the circumstances, show a promise [to pay] of the type usually referred to as 'implied' or 'implied in fact.' " *Id.* at 270. The *Desny* rule is justified on the theory that the bargain is not for the idea itself, but for the services of conveying that idea. *See Donahue v. Ziv Television Programs, Inc.*, 54 Cal. Rptr. 130, 140, (Ct. App. 1966).

**[3]** To establish a *Desny* claim for breach of implied-in-fact contract, the plaintiff must show that the plaintiff prepared the work, disclosed the work to the offeree for sale, and did so under circumstances from which it could be concluded that the offeree voluntarily accepted the disclosure knowing the conditions on which it was tendered and the reasonable value of the work. *See Faris v. Enberg*, 158 Cal. Rptr. 704, 709 (Ct. App. 1979). Grosso's complaint mirrors the requirements of *Desny* and states that "the idea was submitted by Plaintiff to Defendants with the understanding and expectation, fully and clearly understood by Defendants that Plaintiffs would be reasonably compensated for its use by Defendants." We conclude that the complaint stated a *Desny* claim.

With respect to preemption, the Copyright Act, 17 U.S.C. § 301, establishes a two-part test. Claims under state law are preempted where: (1) the work at issue comes within the subject matter of copyright, and (2) the state law rights are "equivalent to any of the exclusive rights within the general scope of copyright." *Del Madera Props. v. Rhodes & Gardner, Inc.*, 820 F.2d 973, 976 (9th Cir. 1987) (internal quota-

tion marks omitted) *overruled on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994); *see also* 17 U.S.C. § 301.

**[4]** The dispositive preemption issue in this case is whether the rights protected by a *Desny* claim are equivalent to the rights protected by copyright. To survive preemption, the state cause of action must protect rights that are qualitatively different from the rights protected by copyright: the complaint must allege an "extra element" that changes the nature of the action. *Del Madera*, 820 F.2d at 977. Our prior decision in *Landsberg v. Scrabble Crossword Game Players, Inc.*, 802 F.2d 1193, 1196-97 (9th Cir. 1986), supports treating the implied promise to pay required by *Desny* as an "extra element" for preemption purposes. In *Landsberg*, the defendants used the plaintiff's idea for a Scrabble strategy book without paying the expected compensation, and we applied California law to affirm a judgment of liability on a *Desny* claim. We explained that:

> The contract claim turns not upon the existence of a [copyright] . . . but upon the implied promise to pay the reasonable value of the material disclosed.

*Id.* at 1196.

**[5]** In *Del Madera* we held that a claim for unjust enrichment was equivalent to a claim for copyright infringement, and thus preempted, because the claim lacked an extra element—the bilateral expectation of compensation. Here, Grosso has alleged that the extra element is present. Therefore, his claim for breach of an implied-in-fact contract is not preempted by the Copyright Act, because it alleges an extra element that transforms the action from one arising under the ambit of the federal statute to one sounding in contract. *See Del Madera*, 820 F.2d at 977. Grosso's complaint alleged circumstances that, if true, would sustain an action under *Desny* that is not preempted.

We express no opinion on the question whether the facts adduced during the summary judgment proceedings on Grosso's *copyright* claim can support the *Desny* claim set forth in Grosso's complaint. Our decision is compelled by the procedural posture of the *Desny* claim. Because the district court granted Miramax' motion to dismiss under Rule 12(b)(6), our inquiry begins and ends with Grosso's First Amended Complaint. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (stating that "[t]he focus of any Rule 12(b)(6) dismissal — both in the trial court and on appeal — is the complaint"). Further, we must take all factual allegations as true and must construe them in the light most favorable to the non-moving party. *Allied Signal, Inc. v. City of Phoenix*, 182 F.3d 692, 695 (9th Cir. 1999). With those limitations on our review in mind, we hold only that the First Amended Complaint states a *Desny* claim. We need not and do not decide whether the summary judgment record or any future record, yet to be developed, supports that claim.

**[6]** The summary judgment of the district court on the copyright claim is affirmed. The judgment of the district court dismissing the state law claim is reversed and remanded for further proceedings.

AFFIRMED IN PART AND REVERSED AND REMANDED IN PART. Each party will bear its own costs.