**ESCHOLAR, LLC, Plaintiff**

v.

**OTIS EDUCATIONAL SYSTEMS, INC., Defendant**

**No. 04 CIV. 4051(SCR).**

United States District Court, S.D. New York.

March 29, 2005.

Paul R. McMenamin, Esq., New York City, for Plaintiff.

Susan Poder MacFarlane, Holland & Knight LLP, New York City, for Defendant.

## MEMORANDUM DECISION AND ORDER

ROBINSON, District Judge.

### I. Background

eScholar, LLC ("eScholar" or "Plaintiff") brought this action against Otis Educational Systems, Inc. ("Otis" or "Defendant") in May 2004, alleging two causes of action: 1) common law breach of contract; and 2) copyright infringement pursuant to

the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.* (the "Copyright Act"). The Defendant filed a motion to dismiss Plaintiff's breach of contract claim in July 2004.

The case was referred to Magistrate Judge George A. Yanthis for general supervision and for a Report and Recommendation ("R & R") regarding Defendant's motion to dismiss. Magistrate Judge Yanthis issued his R & R on December 20, 2004. The Defendant filed timely objections on January 18, 2005, and the Plaintiff replied on January 27, 2005.

The relevant facts, as summarized in the R & R, are as follows: The Plaintiff is the owner of a computer program known as the "eScholar Complete Data Warehouse," of which a critical component is the "eScholar Data Model." In October 2000, eScholar entered into an agreement with Otis wherein eScholar licensed Otis to serve as a reseller of the eScholar Complete Data Warehouse ("Reseller Agreement").

Here, Plaintiff alleges that Defendant breached the Reseller Agreement by (1) copying materials belonging to eScholar and distributing the copied materials without eScholar's written consent; (2) refusing to allow eScholar to audit Defendant's books and records relating to its resale of the licensed products, and (3) failing to pay royalty fees due under the Agreement. Defendant's motion seeks to dismiss Plaintiff's breach of contract claim on the ground that it is preempted by the Copyright Act. Magistrate Judge Yanthis recommended that Defendant's motion be granted in part and denied in part.

## II. Analysis

### A. Standard of Review

In considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the court accepts as true all material factual allegations in the complaint and draws all reasonable inferences in favor of the nonmovant. *Still v. DeBuono,* 101 F.3d 888, 891 (2d Cir.1996). We may grant the motion only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Id.* at 891.

■ In reviewing an R & R, a Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith,* 618 F.Supp. 1186, 1189 (S.D.N.Y.1985) (citations omitted). *See also Pizarro v. Bartlett,* 776 F.Supp. 815, 817 (S.D.N.Y.1991) (court may accept report if it is "not facially erroneous"). However, a district court judge is required to make a de novo determination as to the aspects of the report and recommendation to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz,* 447 U.S. 667, 673–674, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *United States v. Male Juvenile,* 121 F.3d 34, 38 (2d Cir.1997). Here, as mentioned, Defendant has objected in a timely fashion to Magistrate Judge Yanthis's recommendation.

### B. Objections

■ The Copyright Act preempts state law causes of action that are "equivalent to any of the exclusive rights within the general scope of copyright...." 17 U.S.C. § 301(a). Claims brought pursuant to state law are preempted when "(1) the particular work to which the claim is being applied falls within the type of works protected by the Copyright Act under 17 U.S.C. §§ 102 and 103, and (2) the claim seeks to vindicate legal or equitable rights

that are equivalent to one of the bundle of exclusive rights already protected by copyright law under 17 U.S.C. § 106." *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.,* 373 F.3d 296, 305 (2d Cir.2004).

■ Of particular relevance here is the second requirement, which is satisfied only when the state-created right may be abridged by an act that would, by itself, infringe one of the exclusive rights provided by federal copyright law. *See Computer Assocs. Int'l, Inc. v. Altai, Inc.,* 982 F.2d 693, 716 (2d Cir.1992). In other words, the state law claim must involve acts of reproduction, adaptation, performance, distribution or display. *See* 17 U.S.C. § 106; *Computer Assocs.,* 982 F.2d at 716. Further, the state law claim must not include any extra elements that make it qualitatively different from a copyright infringement claim. *See Computer Assocs.,* 982 F.2d at 716.

■ To determine whether a claim is qualitatively different, the court must examine "what [the] plaintiff seeks to protect, the theories in which the matter is thought to be protected and the rights sought to be enforced." *Computer Assocs.,* 982 F.2d at 716. Moreover, the court must take a restrictive view of what extra elements transform an otherwise equivalent claim into one that is qualitatively different from a copyright infringement claim. *See Briarpatch Ltd., L.P.,* 373 F.3d at 306.

In his R & R, Magistrate Judge Yanthis recommended that Defendant's motion be granted to the extent it seeks to enforce Plaintiff's exclusive right to reproduce and distribute its work, but denied to the extent it seeks to enforce contractually guaranteed rights to audit books and receive royalty fees. Otis objects to the latter portion of this recommendation because (1) in this case there is no right to audit independent of remedies provided under the Copyright Act; and (2) there is not (nor could there be) any allegation that royalties are owed for resale of eScholar's products independent of the allegedly infringing products allegedly sold in violation of the Copyright Act. The Plaintiff responds that its claims are independent because the Reseller Agreement explicitly provides eScholar with the rights to audit and receive royalties.

The crux of the dispute between the parties, therefore, is whether the promise inherent in any agreement, by itself, provides the extra element necessary to make a breach of contract claim qualitatively different from a copyright infringement claim. On this question, judges in this district have come to different conclusions. *Compare Architectronics, Inc. v. Control Sys.,* 935 F.Supp. 425, 438 (S.D.N.Y.1996) (Protection from breach of contract is not equivalent to copyright protection because a contract claim requires an "extra element" that renders the claim qualitatively different from a claim for copyright infringement: a promise by the defendant) *with American Movie Classics Co. v. Turner Entertainment Co.,* 922 F.Supp. 926, 931 (S.D.N.Y.1996) (a breach of contract claim will escape preemption only if there is a contractual promise and the promise involves a right not existing under copyright law). The Second Circuit has not, to date, resolved this disagreement.

In *Architectronics,* Judge Mukasey rejected *American Movie* after considering the Copyright Act's legislative history and "the consensus among courts and commentators" that breach of contract claims are qualitatively different and therefore are not preempted. *See* 935 F.Supp. at 440–41 citing *ProCD, Inc. v. Zeidenberg,* 86 F.3d 1447, 1454 (7th Cir.1996); *National Car Rental Sys., Inc. v. Computer Assocs. Int'l, Inc.,* 991 F.2d 426, 433 (8th Cir.1993); *Taquino v. Teledyne Monarch Rubber,* 893

F.2d 1488, 1501 (5th Cir.1990); *Acorn Structures v. Swantz,* 846 F.2d 923, 926 (4th Cir.1988); 1 NIMMER ON COPYRIGHT § 1.01[B][1][a]. *See also Grosso v. Miramax Film Corp.,* 383 F.3d 965, 968 (9th Cir.2004) (claim for a breach of an implied-in-fact contract contains necessary extra element and is not preempted).

■ For the reasons discussed in Judge Mukasey's, and the other above-mentioned courts' opinions, this court agrees that the existence of explicit contractual rights makes a breach of contract claim qualitatively different from a claim for copyright infringement. As such, Plaintiff's breach of contract claim must survive to the extent it seeks to enforce contractual rights to audit books and receive royalty fees.[1]

### III. Conclusion

Having reviewed the R & R and conducted a *de novo* review of Defendant's objections thereto, this court accepts and adopts Judge Yanthis's recommendation for the reasons described above. Accordingly, Defendant's motion to dismiss is GRANTED IN PART and DENIED IN PART.

It is so ordered.

---

1. Defendant requests, in the event that this court adopts Judge Yanthis's recommendation, that Plaintiff be ordered to file an amended complaint reflecting the proper scope of Plaintiff's breach of contract claim in light of this opinion. But since the court and all parties are fully aware of this ruling and the implications thereof, the court agrees with the Plaintiff that an amended complaint is not necessary at this time.