FILED

JUL 25 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIE C. RIGGS, | No. 09-56633 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-03073-GHK-CT |
| v. | |
| MYSPACE, INC.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Submitted July 12, 2011[**]

Before:    SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Julie C. Riggs appeals pro se from the district court's judgment dismissing

with prejudice her diversity action alleging state law claims of negligence, gross

negligence, "promissory fraud breach of contract," and breach of implied-in-fact

contract.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

*Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). We affirm in part, reverse in part, and remand.

The district court properly dismissed Riggs's negligence and gross negligence claims, arising from MySpace's decisions to delete Riggs's user profiles on its social networking website yet not delete other profiles Riggs alleged were created by celebrity imposters, because these claims were precluded by section 230(c)(1) of the Communications Decency Act. *See Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1170-71 (9th Cir. 2008) (en banc) ("[A]ny activity that can be boiled down to deciding whether to exclude material that third parties seek to post online is perforce immune under section 230.").

The district court properly dismissed Riggs's "promissory fraud breach of contract claim," arising from MySpace's alleged breach of an arbitration clause in its Terms of Use, because Riggs failed to allege any legally cognizable damages. *See Erlich v. Menezes*, 981 P.2d 978, 987 (Cal. 1999) ("[D]amages for mental suffering and emotional distress are generally not recoverable in an action for breach of an ordinary commercial contract in California."); *Navellier v. Sletten*, 131 Cal. Rptr. 2d 201, 212 (Ct. App. 2003) (attorney's fees and costs are not recoverable unless an agreement or a statute specifically provides for them); *Nagy*

*v. Nagy*, 258 Cal. Rptr. 787, 790 (Ct. App. 1989) ("[D]amages for emotional distress alone are not recoverable [for a fraud claim].").

However, the district court improperly dismissed Riggs's implied-in-fact contract claim, arising from her ideas for a MySpace website devoted to celebrities, because Riggs alleged in her First Amended Complaint at paragraph 120 that she told the News Corporation's executive's assistant that she wanted to "sell" her ideas before she disclosed them. *See Grosso v. Miramax Film Corp.*, 383 F.3d 965, 967 (9th Cir. 2004) (under California law, to establish a breach of an implied-in-fact contract for disclosure of an idea, "the plaintiff must show that the plaintiff prepared the work, disclosed the work to the offeree for sale, and did so under circumstances from which it could be concluded that the offeree voluntarily accepted the disclosure knowing the conditions on which it was tendered and the reasonable value of the work"); *Desny v. Wilder*, 299 P.2d 257, 270 (Cal. 1956) (there may be an implied-in-fact contract "if the idea purveyor has clearly conditioned his offer to convey the idea upon an obligation to pay for it if it is used by the offeree and the offeree, knowing the condition before he knows the idea, voluntarily accepts its disclosure (necessarily on the specified basis) and finds it valuable and uses it").

We do not consider Riggs's contentions raised for the first time on appeal.

09-56633

*See Travelers Prop. Cas. Co. of Am. v. ConocoPhillips Co.*, 546 F.3d 1142, 1146 (9th Cir. 2008).

Each side shall bear its own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

09-56633