

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARGARET MORRIS, an individual, <br><br>         Plaintiff-counter-defendant - Appellant, <br><br>   v. <br><br> KENNETH ATCHITY, an individual; ATCHITY ENTERTAINMENT INTERNATIONAL, a business entity form unknown; SONIC AGE LTD., a United Kingdom corporation; THE WRITER'S LIFELINE, INC., a Delaware corporation, <br><br>         Defendants-counter-claimants - Appellees. | No. 11-56248 <br><br> D.C. No. 2:08-cv-05321-RSWL-JC <br><br><br> MEMORANDUM[*] |
| MARGARET MORRIS, an individual, <br><br>         Plaintiff-counter-defendant - Appellee, <br><br>   v. <br><br> KENNETH ATCHITY, an individual; ATCHITY ENTERTAINMENT INTERNATIONAL, a business entity | No. 11-56829 <br><br> D.C. No. 2:08-cv-05321-RSWL-JC |

        [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

form unknown; SONIC AGE LTD., a
United Kingdom corporation; THE
WRITER'S LIFELINE, INC., a Delaware
corporation,

Defendants-counter-claimants
- Appellants.

Appeals from the United States District Court
for the Central District of California
Ronald S.W. Lew, Senior District Judge, Presiding

Argued and Submitted November 5, 2013
Pasadena, California

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

Plaintiff Margaret Morris appeals, and Defendants Kenneth Atchity, The Writer's Lifeline, Atchity Entertainment International, and Sonic Age Limited cross-appeal, from the judgment following a jury trial in this case involving copyright and related claims. We affirm.

1. The district court did not abuse its discretion, Leong v. Potter, 347 F.3d 1117, 1125 (9th Cir. 2003), in striking Plaintiff's motion for a protective order with respect to her manuscript, for failure to comply with the local rules. Moreover, even assuming that the district court should have considered the motion on the merits, Plaintiff failed to overcome the strong presumption in favor of public access to court records.

2

2.  The district court did not abuse its discretion, id., in denying Plaintiff's motion to seal the entire case, because Plaintiff failed to allege any harm, broad or otherwise, that would overcome the strong presumption of Federal Rule of Civil Procedure 26(c) against removing a four-year-old case from the public domain. Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992).

3.  On de novo review, Wood v. City of San Diego, 678 F.3d 1075, 1080 (9th Cir. 2012), we hold that the district court properly dismissed the sixth and tenth claims as preempted by the Copyright Act.  Neither claim contained an extra element beyond those required to state a claim for infringement.  Grosso v. Miramax Film Corp., 383 F.3d 965, 968 (9th Cir. 2004), as amended, 400 F.3d 658 (9th Cir. 2005).  Moreover, the available remedies would have duplicated those awarded on Plaintiff's successful claim for breach of an implied contract.

4.  The district court did not abuse its discretion, United States v. Anekwu, 695 F.3d 967, 981–82 (9th Cir. 2012), cert. denied, 133 S. Ct. 2379 (2013), in excluding the summary chart that Plaintiff offered at trial.  The court permissibly allowed the use of the chart, instead, as a pedagogical device to illustrate Plaintiff's testimony.  United States v. Wood, 943 F.2d 1048, 1053 (9th Cir. 1991).

5.  The district court did not abuse its discretion in denying Plaintiff's Federal Rule of Civil Procedure 60(b)(3) motion because Plaintiff failed to meet

her burden to show, by clear and convincing evidence, that the verdict was obtained through fraud or misconduct. De Saracho v. Custom Food Mach., Inc., 206 F.3d 874, 880 (9th Cir. 2000).

6. The district court did not err in denying Defendants' motion for judgment as a matter of law on the seventh claim. We review that ruling for substantial evidence. Gilbrook v. City of Westminster, 177 F.3d 839, 856 (9th Cir. 1999). Plaintiff pleaded and proved the "extra element" of an implied contract claim, that is, an implied promise to pay, sufficient to state a Desny v. Wilder, 299 P.2d 257 (Cal. 1956), claim. Substantial evidence also supported the jury's award of $70,000 to Plaintiff. Marsu, B.V. v. Walt Disney Co., 185 F.3d 932, 938–39 (9th Cir. 1999).

7. The district court did not abuse its discretion, Wall Data Inc. v. L.A. Cnty. Sheriff's Dep't, 447 F.3d 769, 787 (9th Cir. 2006), in denying attorney fees to Defendants on the copyright claim. The court properly weighed the Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994), factors.

AFFIRMED.

4