**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICKEY B. REED, | No. 15-56988 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-01796-DMG-AGR |
| v. | |
| NATIONAL FOOTBALL LEAGUE, NFL unincorporated tax exempt not for profit association; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted March 8, 2017[**]

Before:   LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Rickey B. Reed appeals pro se the district court's judgment dismissing his

diversity action alleging breach of implied-in-fact contract and other state law

claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). We affirm.

The district court properly dismissed Reed's implied-in-fact contract claim because Reed failed to allege facts sufficient to show that defendants "voluntarily accepted [Reed's proposal] knowing the conditions on which it was tendered and the reasonable value of the work." *Grosso v. Miramax Film Corp.*, 383 F.3d 965, 967 (9th Cir. 2004) (setting forth the elements of a claim under *Desny v. Wilder*, 299 P.2d 257 (Cal. 1956), for a breach of implied-in-fact contract when an idea is furnished by one party to another).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Reed's motions seeking to supplement the record (Docket Entry Nos. 21-23) are denied.

**AFFIRMED.**