**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LORI BOKENFOHR,

           Plaintiff-Appellant,

 v.

CYNTHIA GLADEN,

           Defendant,

 and

CHRISTINE GUIDERA,

           Defendant-Appellee.

No. 19-35992

D.C. No. 3:17-cv-01870-BR

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted October 9, 2020**
Portland, Oregon

Before: PAEZ and RAWLINSON, Circuit Judges, and ANTOON,*** District

---

     * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

     *** The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

Judge.

Appellant Lori Bokenfohr appeals the district court's order granting summary judgment in Appellee Christine Guidera's favor on four claims. The claims arose from Guidera's involvement in her friend Cynthia Gladen's[1] alleged access, possession, and distribution of Bokenfohr's personal electronic data. Bokenfohr's claims against Guidera are for invasion of privacy under Oregon Revised Statutes § 30.831, conversion, intrusion upon seclusion, and replevin. After *de novo* review, we affirm the judgment of the district court.[2] *See Kraus v. Presidio Tr. Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1042–43 (9th Cir. 2009) (citing *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir. 2008)).

The district court properly granted Guidera's motion for summary judgment on Bokenfohr's state law invasion of personal privacy claim. Section 30.831(1)(d) provides a cause of action when, "[w]ithout the consent of the plaintiff, the defendant disseminated a photograph, motion picture, videotape or other visual recording of the plaintiff in a state of nudity, and the defendant knew that at the time the visual recording was made or recorded the plaintiff was in a place and

---

[1] Bokenfohr's claims against Cynthia Gladen are not at issue in this appeal.

[2] We grant Bokenfohr's Motion to Strike (docket entry no. 28) to the extent it seeks to strike portions of Guidera's supplemental excerpts of record that were not part of the district court record. *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988) (citing Fed. R. App. P. 10(a)).

circumstances where the plaintiff had a reasonable expectation of personal privacy." Or. Rev. Stat. § 30.831(1)(d). Because the single photograph that Guidera disseminated did not depict Bokenfohr in a "state of nudity" as required for a violation of the statute, Bokenfohr's claim fails.

Guidera next argues that Bokenfohr's conversion claim is preempted by the Copyright Act. *See G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 904 (9th Cir. 1992) ("Copyright preemption is both explicit and broad: 17 U.S.C. § 301(a) prohibits state-law protection for any right equivalent to those in the Copyright Act."). Although the district court did not address Bokenfohr's non-photographic data in its analysis, we conclude that the claim is nonetheless preempted.[3] All of Bokenfohr's electronic data—photographic and non-photographic—"come[ ] within the subject matter of copyright," and the state law rights that she seeks to enforce "are 'equivalent to . . . the exclusive rights within the general scope of copyright.'" *Grosso v. Miramax Film Corp.*, 383 F.3d 965, 968 (9th Cir. 2004) (quoting *Del Madera Props. v. Rhodes & Gardner, Inc.* 820 F.2d 973, 976 (9th Cir. 1987), *overruled on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)).

---

[3] Remand to address this matter is unnecessary because "[w]e have discretion to decide whether to address an issue that the district court did not reach if the question is a purely legal one and the record has been fully developed prior to appeal." *Quinn v. Robinson*, 783 F.2d 776, 814 (9th Cir. 1986).

Bokenfohr's third claim, for intrusion upon seclusion, fails because Guidera merely encouraged Gladen's actions and knowingly received the improperly obtained data. Oregon recognizes the tort of invasion of privacy based on an "intrusion upon seclusion." *Mauri v. Smith*, 929 P.2d 307, 310 (Or. 1996). To establish this claim, a plaintiff must prove three elements: "(1) an intentional intrusion, physical or otherwise, (2) upon the plaintiff's solitude or seclusion or private affairs or concerns, (3) which would be highly offensive to a reasonable person." *Id.* The district court found that Guidera's conduct was insufficient to establish a claim. We agree. Viewed in the light most favorable to Bokenfohr, Guidera's mere encouragement and review of the photos and information obtained from the Solid State Drive (SSD) does not satisfy the element of "intentional intrusion." Gladen—not Guidera—allegedly obtained the SSD without Bokenfohr's knowledge or consent. Further, Gladen delivered the SSD to a computer technician and directed him to reformat the data in a way that made it compatible with her personal computer. Because the plaintiff bears the burden of establishing each element of the tort, *id.* at 311, Bokenfohr's failure to prove the first element means that she cannot prevail.

Lastly, the district court correctly determined that Bokenfohr's replevin claim is moot because there is no genuine issue of material fact as to whether Guidera still possesses Bokenfohr's data. *See Anderson v. Liberty Lobby, Inc.*, 477

4

U.S. 242, 251–52 (1986) (explaining that a genuine issue of material fact exists when "the evidence presents a sufficient disagreement to require submission to a jury" but not when "it is so one-sided that one party must prevail as a matter of law").

Accordingly, we affirm the judgment of the district court.

**AFFIRMED.**